IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>ECGPR, LLC<br><br>Debtor | CASE NO. 25-04341 (ESL)<br><br>CHAPTER 11 |
| JOSÉ ROBERTO LÓPEZ AVILÉS,<br>NEREIDA MAYMÍ OSORIO<br><br>Plaintiff<br><br>vs.<br><br>ECGPR, LLC<br><br>Defendant | ADVERSARY NO. 25-00056 (ESL)<br><br>FILED AND ENTERED 9/16/2026 |

<u>OPINION AND ORDER DENYING RECONSIDERATION</u>

This case is before the court upon the *Motion to Alter or Amend Opinion and Order Pursuant to Fed. R. Bankr. P. 9023, to Substitute Suspension Under 11 U.S.C. § 305(a)(1) for Dismissal, and to Reconsider Dismissal of the Related Adversary Proceeding* filed by ECGPR, LLC ("**ECGPR**" or "**Debtor**") (the "**Motion for Reconsideration**", dkt. #114), the objection filed by José Roberto López Avilés ("**López Avilés**") and Nereida Maymí Osorio ("**Maymí Osorio**", and jointly with López Avilés, the "**Movants**") (dkt. #121), and the Debtor's reply thereto (dkt. #123).

The court briefly summarizes the procedural background of this case:

1. On December 16, 2025, the court held both a status conference and a hearing to consider the motion for relief from stay filed by López Avilés and Maymí Osorio (dkt. #31, 33, 34, 43, 46, 47, 48, 49).[1] The minutes reflect the following:

> The court informed the parties of its two (2) concerns: (i) whether it was proper for the court to entertain the key issue in the case, that is, the controversy between the Debtor and the Movants —who have also filed an Adversary Proceeding, Adv. Proc. No. 25-00056, questioning the dischargeability of the debt— in light of the

[1] The motion for relief from stay was denied as moot on February 27, 2026. <u>See</u> *Order*, dkt. #92.

> circumstances and because there are issues in state court; and (ii) that the motions under the court's consideration include a substantial number of documents in Spanish, which this court cannot entertain.
>
> …
>
> After hearing the parties, the court reiterated its strong concern about the propriety of the court entertaining this bankruptcy petition in light of the facts and issues before the court and the pending state court litigation, which may support that the court should abstain under Section 305 of the Bankruptcy Code. As such, the court will enter orders requiring the Debtor to produce certain evidence and for the Movants to brief the court as to abstention under Section 305 of the Bankruptcy Code. The court notified the parties that it will hold in abeyance a decision on the *Motion for Relief from Stay* (dkt. #31) pending a decision on whether abstention under Section 305 of the Bankruptcy Code is proper.
>
> … The Movants shall brief the court on abstention under Section 305 of the Bankruptcy Code …

*Minutes of Hearing Held on December 16, 2025*, dkt. #52, pp. 1-3.

2. On January 19, 2026, López Avilés and Maymí Osorio filed a *Motion for Abstention Pursuant to 11 U.S.C. § 305* (the "**Motion for Abstention**", dkt. #62), to which ECGPR filed a *Reply to Motion for Abstention Pursuant to 11 USC 305* (the "**Opposition**", dkt. #63), López Avilés and Maymí Osorio filed a *Sur-Reply to Movants' Reply in Support of Motion for Abstention Pursuant to 11 U.S.C. § 305(a)* (the "**Reply**", dkt. #72), and ECGPR filed a *Sur-Reply to Movants' Reply in Support of Motion for Abstention Pursuant to 11 U.S.C. § 305(a)* (the "**Sur-Reply**", dkt. #74).

3. On February 26, 2026, López Avilés and Maymí Osorio filed a motion to suspend all proceedings in this Chapter 11 case pending a determination of the *Motion for Abstention* (dkt. #87), to which ECGPR filed an opposition on February 26, 2026 (dkt. #88), and Movant filed a reply on February 26, 2026 (dkt. #89). The court granted the motion to suspend proceedings on February 27, 2026. See *Order*, dkt. #92.

4. August 6, 2026, ECGPR filed a *Motion Requesting Prompt Resolution of Pending Abstention Issue and Resetting of Hearing on Final Approval of Disclosure Statement and Confirmation of Chapter 11 Plan* (dkt. #107), to which López Avilés and Maymí Osorio filed an objection (dkt. #108), and ECGPR filed a reply (dkt. #109).

5. On August 14, 2026, the court issued an *Opinion and Order* (dkt. #110)[2] concluding that dismissal of the bankruptcy case and the related adversary proceeding (Adv. Proc. 25-00056) was warranted pursuant to the abstention provisions of 11 U.S.C. § 305, as follows:

> At its core, this bankruptcy case arises from what is, in essence, a two-party dispute concerning the sale of the Property and the parties' respective rights and obligations arising therefrom. The State Court Action provides the appropriate forum for resolving those underlying substantive issues, including the parties' respective rights to the Property and any liability arising from its sale. Permitting the state court (which has already issued findings, orders, and mandates) to adjudicate those issues will avoid duplicative litigation and allow this court, if necessary, to address any liability subsequently established through the ordinary claims-administration process. In this respect, dismissal better serves the interests of both the Debtor and its creditors by permitting the underlying dispute to be resolved in the forum best situated to adjudicate the state-law issues, while preserving the parties' ability to present any resulting claim to this court. Accordingly, dismissal will not prejudice the parties. Rather, it promotes judicial economy and the orderly administration of the bankruptcy estate by allowing the state court to determine the parties' substantive rights and obligations before this court is called upon to adjudicate any resulting claim.
>
> Moreover, the documents upon which the parties rely are in the Spanish language, and no English translations have been provided, nor has leave been sought to rely upon untranslated documents. Requiring this court to adjudicate matters that are already the subject of ongoing statecourt proceedings would unnecessarily duplicate judicial efforts and expend judicial resources.
>
> Accordingly, the interests of efficiency, judicial economy, and the orderly administration of justice are best served by permitting the state court to continue adjudicating the parties' dispute. The court therefore finds that dismissal of this bankruptcy case and the related adversary proceeding is appropriate pursuant to the abstention provisions of 11 U.S.C. § 305.

Id., pp. 10-11, lines 17-11. See In re ECGPR, Case No. 25-04341 (ESL), 2026 WL 2373876 (Bankr. D.P.R. Aug. 14, 2026).

6. On August 26, 2026, ECGPR filed a *Motion for Reconsideration* (dkt. #114) requesting, *inter alia*, that the court vacated dismissal pursuant to Fed. R. Civ. P. 59. ECGPR also request that the bankruptcy case be suspended, rather than dismissed, under 11 U.S.C. § 305(a)(1) pending state court litigation. ECGPR argues that the court should correct "manifest errors" and

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Opinion and Order*.

tailor the remedy to the record and § 305(a)(1). ECGPR contends that this is an active Chapter 11 case, not merely a two-party state-court dispute. ECGPR argues that the case involved several creditors and meaningful Chapter 11 activity; that BPPR negotiated the supplement to the plan and voted to accept the plan as supplemented; the Treasury negotiated and accepted its proposed treatment rather than litigating a claim objection; and, an insider's claim is to be subordinated. In ECGPR's view, these activities show that the case served legitimate Chapter 11 purposes. As such, ECGPR proposes that, if the case is reinstated and suspended, it would consent to limited stay relief so that López Avilés and Maymí Osorio may litigate Case No. SA2024CV00164 to a final determination of liability and the parties' rights concerning Property No. 11231. ECGPR also argues that the adversary proceeding should not have been dismissed automatically with the bankruptcy case. Instead, the court must separately consider whether to retain jurisdiction based on judicial economy, convenience, fairness, and comity.

7. On September 3, 2026, López Avilés and Maymí Osorio filed an *Objection to the Debtor's Motion for Reconsideration* (dkt. #121) averring that the Debtor has failed to carry its heavy burden of proving that the court committed a manifest error of law.

8. On September 4, 2026, ECGPR filed a *Reply to Objection to Debtor's Motion to Alter or Amend the Opinion and Order Pursuant to Fed. R. Bankr. P. 9023* (dkt. #123).

Applicable Law and Discussion

A. Motion for Reconsideration Standard under Fed. R. Civ. P. 59(e)

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*." In re Mujica, 470 B.R. 251, 253 (Bankr. D.P.R. 2012), *aff'd*, 492 B.R. 355 (D.P.R. 2013). See also Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied* 510 U.S. 859 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir. 1994); In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Portugues–Santa v. B. Fernandez Hermanos, Inc., 614 F.Supp.2d 221, 225

(D.P.R. 2009); In re Martinez, 2013 WL 3808076, at *4 (Bankr. D.P.R. 2013); In re Acosta, 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of judgment or order under Fed. R. Civ. P. 60(b)[3]. See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen (14)] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Pabon Rodriguez, 233 B.R. at 219, quoting Van Skiver, 952 F.2d at 1243.

"The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 112–113 (Bankr. D.P.R. 2012). Thus, for example, even if filed within the time limit for a motion under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of "excusable neglect" will be treated as a Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for a party to undo its own procedural failures. See In re Lozada Rivera, 470 B.R. at 113, citing 12–60 Moore's Federal Practice Civil § 60.03. Also see United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164–165 (1st Cir. 2004) (even if timely filed under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of excusable neglect will be treated as Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for party to undo its own procedural failures); Jennings v. Rivers, 394 F.3d 850, 854–856 (10th Cir. 2005) (a motion timely filed under Fed. R. Civ. P. 59(e) but asserting ground for relief specified under Fed. R. Civ. P. 60(b), should be evaluated under standards applicable to Fed. R. Civ. P. 60(b) motions).

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. To meet the threshold requirements of a successful Fed. R. Civ. P. 59(e) motion,

---

[3] Fed. R. Civ. P. 59(e) and 60(b)(1) are made applicable to adversary proceedings under Fed. R. Bankr. P. 9023 and 9024, respectively.

such motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. In re Schwartz, 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing Pabon Rodriguez, 233 B.R. at 218. See also Mujica, 470 B.R. at 254. For a motion for reconsideration to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." In re Redondo Constr. Corp., 2019 WL 6130938, at *3 (Bankr. D.P.R. 2019), *aff'd*, 621 B.R. 81 (D.P.R. 2020), quoting Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012). See also Pabon Rodriguez, 233 B.R. at 218; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997); In re Zutrau, 563 B.R. 431, 449 (B.A.P. 1st Cir. 2017), citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7, n. 2 (1st Cir. 2005), quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146, n. 2 (1st Cir. 2004).

Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. See Pabon Rodriguez, 233 B.R. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. See id.; Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 245 (1st Cir. 2007) (motions under Fed. R. Civ. P. 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law ... or in certain other narrow situations").

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Redondo, 2019 WL 6130938 at *2, quoting Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). When a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Fed. R. Civ. P. 59(e) motion. See Pabon Rodriguez, 233 B.R. at 218. "Where evidence is not newly discovered, a party may not submit that

evidence in support of a motion for reconsideration." Redondo, 2019 WL 6130938 at *3, quoting Lepore v. Vidockler, 792 F. 2d 272, 274 (1st Cir. 1986). Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. See Pabon Rodriguez, 233 B.R. at 218. A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205, n. 4 (D.P.R. 1999). A such, a party moving for Fed. R. Civ. P. 59(e) relief may not repeat arguments previously made, see Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008), "rehash arguments previously rejected or … raise ones that 'could, and should, have been made before judgment issued." Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice' ". Redondo, 2019 WL 6130938 at *2, quoting Conway v. A.I. DuPont Hosp. for Children, 2009 WL 1492178, at *4 (E.D. Pa. 2009). Also see In re Vazquez, 471 B.R. at 761 ("in denying reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier"). "It is therefore exceedingly difficult for a litigant to succeed in a Fed. R. Civ. P. 59(e) motion." In re Mujica, 470 B.R. at 254, citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

B. Discussion

The *Motion for Reconsideration* rests on facts and arguments that were available during the abstention litigation. The asserted Chapter 11 facts, that is, the existence of other creditors, negotiated plan treatment and vote, operating activity, and pending confirmation process did not arise after dismissal of the case. Although plan-related events show that the Debtor undertook Chapter 11 activity, they do not establish manifest error in finding that the case's central controversy was a two-party dispute. In other words, Chapter 11 activity may exist in a case that nonetheless warrants abstention under Section 305, and does not convert the court's case-specific assessment into manifest legal error. Importantly, the *Opinion and Order* expressly recognized that there were creditors other than López Avilés and Maymí Osorio. See dkt. #110, p. 10, lines

11-14 ("The claims register further demonstrates that Movants, both jointly and individually, are ECGPR's largest creditors. Compare Proof of Claim Nos. 3-1 ($312,500.00) and 4-1 ($312,500.00) with Proof of Claim Nos. 1-1 ($25.00), 2-1 ($22,479.00), and 5-1 ($100,000.00)"). The court did not overlook the existence of other creditors; it concluded, after considering the totality of circumstances, that the case was still fundamentally driven by the dispute over Property No. 11231. Further, ECGPR argued that the case was not a two-party dispute because other creditors and stakeholders existed who were participating in plan voting. ECGPR also argued that centralized claims administration and the bankruptcy forum served a legitimate purpose. The court had those arguments before it when it ruled.

Section 305(a)(1) permits a bankruptcy court to "dismiss a case" or "suspend all proceedings" if the interests of creditors and the debtor would be better served. The statute does not establish a preference for suspension over dismissal. The *Opinion and Order* carefully and thoroughly weighs the totality of the circumstances, concluding that that dismissal would not prejudice the parties because the state court could determine the underlying substantive rights and any resulting claim could later be addressed through ordinary claims administration if appropriate. That conclusion directly addresses what ECGPR now frames as justification for a suspended case. ECGPR's preference for a suspended Chapter 11 case reflects disagreement with the court's discretionary choice of remedy, not a manifest error warranting relief under Fed. R. Bankr. P. 59.

Finally, ECGPR has not demonstrated that dismissal of Adv. Proc. No. 25-00056 was manifestly erroneous. The court notes that ECGPR sought to dismiss Adv. Proc. No. 25-00056. See Adv. Proc. No. 25-00056, dkt. #11. The adversary proceeding substantially overlaps with the State Court Action, including the parties' rights concerning Property No. 11231. Considerations of judicial economy, convenience, fairness, and comity therefore do not support reinstatement of the adversary proceeding.

As noted above, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela, 189

F.R.D. at 205, n. 4. Because ECGPR does not identify newly discovered evidence or a manifest error of law, relief under Fed. R. Bankr. P. 59 is not appropriate.

<u>CONCLUSION</u>

For the reasons stated herein, the *Motion for Reconsideration* (dkt. #114) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of September 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge